DA 11-0095

IN THE SUPREME COURT OF THE STATE OF MONTANA

2011 MT 193N

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

WILFRED EUGENE MORRISEY,

      Respondent and Appellant.

APPEAL FROM:    District Court of the Eighth Judicial District,
In and For the County of Cascade, Cause No. ADV 10-836
Honorable Thomas M. McKittrick, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Wilfred Morrisey (self-represented), Deer Lodge, Montana

      For Appellee:

          Steve Bullock, Montana Attorney General; C. Mark Fowler, Assistant
Attorney General, Helena, Montana

          John Parker, Cascade County Attorney, Great Falls, Montana

Submitted on Briefs:  July 13, 2011
Decided:  August 11, 2011

Filed:

_____
Clerk

Justice Michael E Wheat delivered the Opinion of the Court.

¶1    Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2    Wilfred Eugene Morrisey (Morrisey) appeals the dismissal of his petition for postconviction relief ("Petition"). We affirm.

¶3    Morrisey was convicted of deliberate homicide in November 2005. He was sentenced to life in the Montana State Prison with no eligibility for parole. On direct appeal, Morrisey raised the following issues:

> 1. Did the District Court err in denying Morrisey's motion to suppress statements he made to law enforcement officers and the evidence recovered as a result of those statements?
>
> 2. Did the District Court err in denying Morrisey's motion to dismiss for violation of his constitutional right to a speedy trial?
>
> 3. Did the District Court err in denying Morrisey's motion for disclosure and allowing Dr. Symes, a forensic anthropologist called by the State as a rebuttal witness, to testify?
>
> 4. Was there sufficient evidence upon which a jury could find Morrisey guilty of deliberate homicide beyond a reasonable doubt?

*State v. Morrisey*, 2009 MT 201, ¶ 2, 351 Mont. 144, 214 P.3d 708. We affirmed his conviction on June 9, 2009. *Morrisey*, ¶¶ 99-100.

¶4    On September 3, 2010, Morrisey filed his Petition, raising the following grounds as the basis for relief:

2

1. His statements should have been suppressed;

2. His right to a speedy trial was violated;

3. He was denied a fair trial because of pretrial publicity;

4. He received ineffective assistance of counsel.

¶5 The District Court ordered the State to respond. After receiving the State's response, the District Court denied Morrisey's Petition on December 29, 2010. It found Morrisey's Petition was procedurally barred because all his claims either were, or could have been raised on direct appeal. Morrisey timely appeals.

¶6 In the present appeal, Morrisey raises only two issues – that he was denied a fair trial based upon prejudicial pretrial publicity and that prejudicial error occurred when the trial court allowed Dr. Symes to testify. Because Morrisey does not present any argument, or even mention, the suppression issue, the speedy trial issue, or the ineffective assistance issue from his Petition, we will not consider those issues. *State v. Ochadleus*, 2005 MT 88, ¶ 32, 326 Mont. 441, 110 P.3d 448. Dr. Symes' testimony was addressed on direct appeal, and we will not consider it here. *Hawkins v. State*, 242 Mont. 348, 351, 790 P.2d 990, 992 (1990) (claims raised on direct appeal may not be raised in a postconviction petition). The only remaining issue from his Petition is the pretrial publicity issue.

¶7 We review the denial of a petition for postconviction relief to determine whether the district court's findings of fact are clearly erroneous and whether its conclusions of law are correct. *Davis v. State*, 2004 MT 112, ¶ 13, 321 Mont. 118, 88 P.3d 1285.

3

¶8 Postconviction petitions are allowed only when the petitioner has no adequate remedy of appeal. Section 46-21-101(1), MCA. The petitioner in a postconviction proceeding bears the burden of proving, by a preponderance of the evidence, that he or she is entitled to relief. *Ellenburg v. Chase*, 2004 MT 66, ¶ 12, 320 Mont. 315, 87 P.3d 473. "When a petitioner has been afforded the opportunity for a direct appeal of the petitioner's conviction, grounds for relief that were or could reasonably have been raised on direct appeal may not be raised, considered, or decided in a proceeding brought under this chapter." Section 46-21-105(2), MCA.

¶9 Morrisey did not raise the issue of prejudicial pretrial publicity during his trial in the District Court. He also did not raise the issue on appeal, although he reasonably could have. Therefore, Morrisey is procedurally barred from raising the issue in a petition for postconviction relief. *Id*. Even if this issue was not procedurally barred, Morrisey has not cited any statutory or case law to support his conclusory allegations on appeal, and this Court is under no obligation to formulate arguments for him. *State v. Blackcrow*, 1999 MT 44, ¶ 33, 293 Mont. 374, 975 P.2d 1253.

¶10 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for noncitable memorandum opinions. The issues in this case are legal and are controlled by settled Montana law, which the District Court correctly interpreted. Further, it is apparent after reviewing the briefs and the record on appeal, that Morrisey has not met his burden of proving, by a preponderance of the evidence, that he is entitled to relief.

4

¶11    Affirmed.

/S/ MICHAEL E WHEAT


We Concur:

/S/ BRIAN MORRIS
/S/ JIM RICE
/S/ PATRICIA COTTER
/S/ JAMES C. NELSON